NO. 07-07-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 19, 2007

_____

ELIZABETH HILL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 403rd DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-300771; HON. BRENDA P. KENNEDY, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Elizabeth Hill (appellant) appeals her murder conviction. Appellant's brief was originally due April 20, 2007. On April 27, 2007, a letter was sent to counsel for appellant notifying him the brief was overdue and that the brief or response was due May 7, 2007. In response, counsel filed an extension motion, which was granted to June 8, 2007, with the admonition that no further extensions would be granted, and that if the brief was not

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2006).

filed by that date, the appeal would be abated. To date, no brief or extension motion has been filed in this Court.

Consequently, we abate the appeal and remand the cause to the 403rd District Court of Travis County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant is indigent;

2.   whether appellant desires to prosecute the appeal; and

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before July 19, 2007. Should additional

2

time be needed to perform these tasks, the trial court may request same on or before July 19, 2007.

It is so ordered.

Per Curiam

Do not publish.